## JEREMIAH COOK v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Marking or branding animal. Code* 1892, § 977. *Constituent offense. Larceny.*

    Larceny is not a constituent offense of the crime defined by code 1892, § 977, making it unlawful to knowingly mark or brand an animal, the property of another, with a mark or brand not that of the owner, calculated or intended to designate ownership, without the consent of the owner or authority of law, with intent to deprive the owner of his property.

2. CRIMINAL PROCEDURE. *Penalty. Felony.*

    A crime punishable either by imprisonment in the penitentiary or by fine or imprisonment in the county jail, should be charged as a felony.

FROM the circuit court of Jackson county.

HON. THADDEUS A. WOOD, Judge.

Cook, the appellant, was arraigned before a justice of the peace upon a charge of having violated code 1892, § 977, which section is as follows:

"977 (2723). *Brands or marks of animals; marking or branding animals of others prohibited.*—If any person, knowingly, shall mark, or brand any animal, the property of another, with a mark or brand calculated or intended to designate ownership not that of the owner, without the consent of the owner, or without authority of law, and with intent to deprive the owner of his property, he shall, on conviction thereof, be imprisoned in the penitentiary not more than three years, or be fined in a sum not more than five hundred dollars, or imprisoned in the county jail for a period not longer than one year, or both."

Upon the hearing the justice of the peace rendered a judgment convicting appellant of the larceny of the hog which he

was charged to have marked, and fined him ten dollars and costs. The appellant paid the fine and costs.

Afterwards the grand jury indicted appellant for the crime charged in the affidavit upon which the justice of the peace had proceeded. To the indictment the appellant pleaded the former conviction before the justice of the peace. The state demurred to the plea, and the court below sustained the demurrer. After a conviction the appellant prosecuted an appeal to the supreme court assigning for error the action of the court below on the demurrer.

*J. I. Ford,* for appellant.

The court will observe that the offense defined by § 977, code 1892, is punishable either as a felony or a misdemeanor, and it is manifest that it was the intention of the legislature, from the very nature of the offense, that the court should determine from the facts of each case whether a felony had been committed or a misdemeanor, and should punish it accordingly. In cases where a person should go out in the woods or range, and mark stock hogs, cattle or sheep, and where the consequence of the act is, or may be, to deprive the owner not only of that particular property, but its offspring, and thereby deprive the owner of property of over $25 in value, the crime is necessarily a felony, and should be so punished. But in a case like this, where the utmost effect of the act of marking the animal, followed, as it was in this case, by an actual conversion, is to deprive the owner of that particular animal, it is simply a case of larceny, and grand or petit larceny according to the value of the property stolen. The marking of the barrow hog, followed by the act of shutting it up in the pen, was simply for the purpose of concealing the ownership and making the larceny complete, and its utmost effect was to deprive the owner of this particular hog and no more, and we insist that under the facts he could not be guilty of any greater offense than petit larceny.

77 Miss.—51

The justice of the peace, as set up in the special plea, found on an investigation of the facts that the appellant had stolen a hog worth one dollar, imposed a fine for ten times its value, which fine had been paid. The crime of petit larceny was necessarily, under the facts in the case, included in the offense charged in the indictment, and also in the offense as set up in the plea charged in the affidavit before the justice of the peace, and finding him guilty of that offense, and imposing a fine therefor, barred all further prosecutions on the same charge. Under § 1246 of the code it was clearly within the province of the justice of the peace to find appellant guilty of the cime of petit larceny, and to punish him therefor. The crime defined by § 977 of the code is not in all cases a felony, but the court trying the case determines from the facts whether a felony or misdemeanor has been committed, and punishes the offender in accordance with the enormity of the offense, and where, as in this case, the only offense committed is simply a misdemeanor, and the defendant had been convicted and punished therefor, surely he is not liable to be sent to the penitentiary for the same offense.

*Monroe McClurg,* attorney-general, for appellee.

The reporter does not find the brief of the attorney-general on file.

Terral, J., delivered the opinion of the court.

There is no authority for the position that when a statute makes an act a crime, and renders the person doing such act punishable either by imprisonment in the penitentiary or by a fine or confinement in the county jail, that such act is a felony, and wherever charged should be charged as a felony, and that the discretion reposed in the judge of inflicting a less penalty than imprisonment in the penitentiary, does not lessen the grade of the offense. Bishop's New Crim. Law, sec. 619, and authorities cited.

But, however this may be, the conviction of the defendant before the justice of the peace of petit larceny under a charge of unlawfully altering the mark of a hog, was erroneous. Larceny is not included in such charge, and his conviction and punishment by the justice ·of the peace was a nullity, and being a nullity, it could not constitute a bar to an indictment in a court which had exclusive jurisdiction of the crime.

*Affirmed.*